UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:13-cv-81047-KAM

CHRISTOPHER LIVA, an individual,

    Plaintiff,
v.

THOMAS MENDOLIA, an individual, FRANK
ROCA, an individual STEVEN SRAMOWICZ,
an individual, WILLIAM FORHAN, an individual,
SHARON HOLLIS, an individual, and SEAMUS
LAGAN, an individual,

    Defendants.
_____/

## ORDER AND OPINION

This cause is before the Court upon Defendants' Motion to Dismiss Counts II, V, VI and VII of Plaintiff's Complaint (DE 10) and Plaintiff's Motion for Extension of Time *Nunc Pro Tunc* to Serve Process on Defendants Thomas Mendolia and Seamus Lagan (DE 23). The Motions are ripe for review. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Extension of Time (DE 23), and **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Dismiss (DE 10).

**I. Background**

Plaintiff alleges that he was an investor in a company Medytox Labs, LLC along with some of the Defendants and some non-parties. Compl. ¶¶ 10-16 (DE 1-3). The investors agreed to a reorganization plan. *Id.*, ¶¶ 17-22. However, through a series of transactions and through payment of exorbitant salaries and consulting fees, Defendants diverted the assets and income that belonged to the original investors. *Id.*, ¶¶ 23-56. As a result, Plaintiff brings the following claims: (I) breach

of contract (against Defendants Mendolia, Sramowicz, Roca, and Lagan); (II) unjust enrichment (against Defendants Lagan, Mendolia, Roca, Hollis, and Sramowicz); (III) fraudulent inducement (against Defendant Mendolia); (IV) fraudulent inducement (against Defendant Lagan); (V) civil conspiracy (against Defendants Forhan, Lagan, Mendolia, Roca, Hollis, and Sramowicz); (VI) fraud in connection with the purchase or sale of securities in violation of section 10(B) of the Exchange Act and Rule 10(b)-5 (against Defendants Lagan and Forhan); (VII) violations of the Florida Securities and Investor Protection Act (against Defendants Lagan and Forhan). *Id.,* ¶¶ 57-92.

This action was initiated in state court on September 5, 2013, and was removed on the basis of federal question and supplemental jurisdiction, 28 U.S.C. §§ 1331 and 1367(a). Thus far, Plaintiff has not been able to serve Defendants Mendolia and Lagan, and seeks an extension of time *nunc pro tunc* to serve them. Defendants Roca, Sramowicz, Forhan, and Hollis (collectively "Roca Defendants") have appeared in this case and oppose the extension. Also, the Roca Defendants seek (1) dismissal of the securities fraud counts (counts VI and VII) against Defendant Forhan due to lack of sufficiently specific allegations of fraud; (2) dismissal of the civil conspiracy to commit an unlawful act claim (count V) because the Complaint lacks tort allegations; and (3) dismissal of the unjust enrichment claim (count II) because it is based on the same allegations as the breach of contract claim. Plaintiff argues that all claims are sufficiently pled.

**II. Motion for extension of time to serve**

Plaintiff asserts that even though diligent efforts have been made to serve Defendants Mendolia and Lagan, he nevertheless had difficulty locating these Defendants. Plaintiff now believes that Defendant Mendolia resides in North Carolina and Defendant Lagan resides in the Bahamas. Service of process was further complicated by the fact that Plaintiff's original counsel withdrew on December 7, 2013. Plaintiff's current counsel appeared on March 24, 2014, and on

April 29, 2014 she requested an extension to serve. The Roca Defendants assert that Plaintiff has failed to show good cause for an extension.

>Federal Rule of Civil Procedure 4(m) provides, in pertinent part,
>
>If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *In re Trasylol Products Liab. Litig.*, 503 F. App'x 850, 856-57 (11th Cir. 2013) (quoting *Lepone–Dempsey v. Carroll Cnty. Commis.*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

Here, Plaintiff presents an affidavit of his original lawyer who states that he retained a process server and searched available public records but was unable to locate Defendants Mendolia or Lagan. (DE 25-1). Further, the 120-day deadline does not apply to service in a foreign country where Plaintiff states Defendant Lagan now resides. Therefore, Plaintiff has shown good cause for an extension of time to serve Defendants Mendolia and Lagan.

**III. Motion to dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Overall, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (internal quotation omitted); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When deciding supplemental state law claims, district courts generally apply substantive state law and federal procedural law. *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir. 1987).

**1. Counts VI and VII**

The Roca Defendants argue that Plaintiff has not alleged securities fraud under § 10(b) and Rule 10b–5 and under the Florida Securities and Investor Protection Act ("FSIPA") with sufficient particularity as to Defendant Forhan. The Court agrees.

"In order to state a claim under § 10(b) and Rule 10b–5, a plaintiff must show the following: (1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff relied, (5) that proximately caused his injury." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Severe recklessness satisfies the scienter requirement. *Id.* "The elements of a

cause of action under § 517.301 [of FSIPA] are identical to those under the Federal Rule 10b-5, except that the scienter requirement under Florida law is satisfied by showing of mere negligence." *Grippo v. Perazzo*, 357 F.3d 1218, 1222 (11th Cir. 2004).

Further, Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Further, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*  This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) *quoting Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted). That stated, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading.  *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud.  *See id.* (quoting *Brooks*, 116 F.3d at 1371).

Here, the allegations contain no particular statements made by Defendant Forhan.  Also, while Plaintiff states that Defendant Forhan made untrue statements of material facts, employed devices, schemes and artifices to defraud, and engaged in fraudulent acts "knowingly, wilfully or recklessly," *see* Compl., ¶ 86, it is not clear what factual allegations support this statement of scienter because Plaintiff incorporates absolutely all allegations into each count.  Therefore, facts supporting all necessary elements are not pled and the requirements of Rule 9(b) are not satisfied as to

Defendant Forhan. Accordingly, Counts VI and VII will be dismissed as to this Defendant, but Plaintiff will have leave to amend the Complaint.

### 2. Count V

Plaintiff alleges civil conspiracy against all Defendants, and the Roca Defendants seek dismissal of this count because the Complaint lacks an allegation of an unlawful act. The Court disagrees.

Under Florida law, "[t]he elements of a civil conspiracy are: (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy." *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. 5th DCA 2006). Generally, an actionable tort or wrong is required.[1] *Id.*

Here, the Roca Defendants argue that the claim of conspiracy is based on the allegations of the breach of contract rather than on a tort. In response, Plaintiff points to the fraudulent inducement claims he brings against Defendants Mendolia and Lagan as the actionable torts. The Roca Defendants, in turn, argue that neither Mendolia nor Lagan were served and that there may be no personal jurisdiction over them.

Service of process on, or personal jurisdiction over, the alleged primary tortfeasor is not required. So long as a valid tort claim is alleged to have been committed, and the named Defendants are alleged to have conspired with the primary tortfeasor, the civil conspiracy claim may proceed.

---

[1] Alternatively, a claim of civil conspiracy may be established if plaintiff "can show some 'peculiar power of coercion' possessed by the conspirators by virtue of their combination, which an individual acting alone does not possess." *Walters*, 931 So. 2d at 140 (civil conspiracy was actionable against neighbors who posted "for sale" signs before their units making it appear that five units were for sale in the same condominium and driving down the value of plaintiffs' unit). However, this case does not involve such allegations or this theory of civil conspiracy.

Moreover, as discussed above, Plaintiff will have additional time to serve Defendants Mendolia and Lagan relative to the claims of fraudulent inducement against them.  Hence, these claims may provide the basis of civil conspiracy claims against Defendants Mendolia and Lagan, as well as the Roca Defendants, if the fraudulent inducement claims are properly stated and the Roca Defendants are alleged to have conspired with the principal tortfeasors. Thus, it is necessary to examine whether these claims are actionable.

"The elements of a claim for fraudulent inducement are: (1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment." *Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. 4th DCA 2012), reh'g denied (Oct. 19, 2012), review denied, 119 So. 3d 444 (Fla. 2013).

Here, Plaintiff alleges that Defendant Lagan made false statements about the ownership structure of an entity involved in the reorganization with the intention to exclude Plaintiff from sharing in the profits of the reorganized entity, which was contrary to the reorganization agreement. Compl., ¶¶ 28-29 (DE 1-3).  Hence a valid fraudulent inducement claim is stated against Lagan. The Complaint, however, lacks the allegations of any particular statement of material fact made by Defendant Mendolia.  Thus, there is no actionable fraudulent inducement claims against Defendant Mendolia.  Since a valid fraudulent inducement claim is stated against Lagan, and the Roca Defendants are alleged to have conspired with Lagan in perpetrating the fraud, the civil conspiracy count may proceed.

### 3. Count II

The Roca Defendants argue that the unjust enrichment count should be dismissed because Plaintiff alleges that a valid contract existed.  Indeed, in Florida no equitable quasi-contractual

remedy under the theory of unjust enrichment may be awarded when there is an enforceable contract. *See Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998).

However, because no answer to the Complaint has been filed yet, it is unclear at this stage whether existence and enforceability of the contract are at issue in this case. Plaintiff generally is allowed to plead in the alternative. Fed. R. Civ. P. 8(d)(3); *compare Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) ("Although equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief") *with Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000) (motion to dismiss an unjust enrichment claim was granted where plaintiff alleged that there was a contract and defendant did not deny it). Accordingly, Plaintiff shall be allowed to proceed with the unjust enrichment claim. If necessary, this issue may be re-visited at a later stage of the litigation.

**IV. Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Extension of Time *Nunc Pro Tunc* to Serve Process on Defendants Thomas Mendolia and Seamus Lagan (DE 23) is **GRANTED**. Plaintiff shall have 120 days from the date of this Order to affect service upon Defendants Mendolia and Lagan.

Defendants' Motion to Dismiss Counts II, V, VI and VII of Plaintiff's Complaint (DE 10) is **GRANTED IN PART and DENIED IN PART**. Counts VI and VII are **DISMISSED WITHOUT PREJUDICE** as to Defendant Forhan. Count III is also **DISMISSED WITHOUT**

**PREJUDICE.**  Plaintiff may amend Counts III, VI and VII within 14 days from the date of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of May, 2014.

_____
KENNETH A.  MARRA
United States District Judge